IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BETTY LOUDERMILL                                                                             PLAINTIFF

vs.                                         Civil No. 4:12-cv-04083

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

     Betty Loudermill ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

     Plaintiff filed her applications for DIB and SSI on July 13, 2009.  (Tr. 12, 128-142).  Plaintiff alleged she was disabled due to a heart attack.  (Tr. 173).  Plaintiff alleged an onset date of June 16, 2009.  (Tr. 139).  Plaintiff's applications were denied initially and at the reconsideration level.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

59-72).

On February 24, 2010, Plaintiff requested an administrative hearing on her applications. (Tr. 82). This hearing was held on October 6, 2010. (Tr. 27-52). Plaintiff was present and was represented by her attorney, Greg Giles, at this hearing. *See id.* Plaintiff, Medical Expert Dr. Howard McClure, and Vocational Expert ("VE") Jerry Delgree testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 32-33).

On October 29, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-22). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 16, 2009. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of coronary artery disease, diabetes mellitus, hypertension, chronic obstructive pulmonary disease, sleep apnea, and obesity. (Tr. 15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-20). First, the ALJ indicated evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 20). Second, the ALJ determined, based upon his review of Plaintiff's

2

subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work; can lift 20 pounds occasionally and 10 pounds frequently; can sit 6 hours per day; stand and walk 6 hours per day; can never climb ladders and ropes; can occasionally stoop, kneel, crouch and crawl; and should avoid hazards. (Tr. 17, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 20, Finding 6). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW as a production line worker. *Id.*

The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 49-52). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an assembler of small parts with 1,300 such jobs in Arkansas and 500,000 such jobs in the nation, parking lot cashier with 3,400 such jobs in Arkansas and 139,000 such jobs in the nation, and laundry folder with 2,400 such jobs in Arkansas and 165,000 such jobs in the nation. (Tr. 21). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 16, 2009 through the date of his decision. (Tr. 22, Finding 11).

On November 13, 2010, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On June 22, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On July 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on July 31, 2012. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for

decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8 at 11-20.  Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff met a Listing, (2)  by improperly evaluating the opinions of Plaintiff's treating physician, (3) in his RFC determination of Plaintiff, and (4) by failing in the credibility determination of Plaintiff.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 10.  Because this Court finds the ALJ erred in his RFC determination by improperly evaluating the opinions of Plaintiff's treating physicians, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC light work; can lift 20 pounds occasionally and 10 pounds frequently; can sit 6 hours per day; stand and walk 6 hours per day; can never climb ladders and ropes; can occasionally stoop, kneel, crouch and crawl; and should avoid hazards. (Tr. 17, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff was first seen by his treating physician, Dr. George Covert, on June 16, 2009.  (Tr. 390).  Dr. Covert treated Plaintiff for complaints of right leg and back pain.  *Id.*  Throughout the remainder of 2009, Plaintiff was treated by Dr. Covert for these same complaints along with shortness of breath, chest pain, sciatica, diabetes, and high blood pressure.  (Tr. 393, 400, 402, 456, 459, 468, 469, 471).  Additionally, in a letter dated December 21, 2009, Dr. Covert indicated Plaintiff suffered from congestive heart failure, diabetes, and hypertension.  (Tr. 456).  Dr. Covert also indicated that based on Plaintiff's total number of medical complications, Plaintiff was a deserving candidate for disability.  *Id.*

The ALJ gave no weight to the opinions of Dr. Covert.  (Tr. 19-20).  In doing so, the ALJ based this on Dr. Covert not being a specialist and his opinions were not consistent with objective tests.  *Id.*  The ALJ also stated:

>  Additionally, the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. In this record, there does appear some pressure from the claimant as Dr. Covert wrote the claimant is more than a "deserving candidate for disability" and there are entries in the doctor's office notes where the claimant was asking the doctor to fill out insurance papers and for a letter for disability. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in current case.

(Tr. 19-20).

To begin with, there is nothing in the record, nor does the ALJ refer to any evidence which in anyway suggests Dr. Covert's findings are in some way attributed to sympathy he might have to Plaintiff or were the result of some type of physician/patient tension.  To make such a finding is pure speculation on the part of the ALJ.  Additionally, although not a specialist, Dr. Covert is a treating physician and lack of speciality is not a basis to provide "no weight" to his opinions.

Defendant is correct in stating the ALJ was not required to give controlling weight to the opinion of Dr. Covert regarding Plaintiff being "disabled" because opinions that a Plaintiff is disabled or unable to work concern issues reserved for the ALJ.  *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  However, in this matter it was error to give Dr. Covert's opinions no weight and to make no other findings or discussion regarding Dr. Covert's treatment of Plaintiff.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.  *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted).  In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons"

for discounting Dr. Covert's findings. *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Covert. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Covert. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of July 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.